**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355
*Attorneys for Plaintiff*

Tracie Childs (SBN 190806)
Tracie.childs@ogletree.com
Keenan P. O'Connor (SBN 311800)
Keenan.oconnor@ogletree.com
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART P.C.**
4660 La Jolla Village Drive, Suite 900
San Diego, California 92122
Telephone:    (858) 652-3100
Facsimile:    (858) 652-3101
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERNANDEZ, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>NEOVIA LOGISTICS SERVICES, LLC, a Delaware Limited Liability Company; NEOVIA LOGISTICS DISTRIBUTION, LP, a Delaware Limited Partnership; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 5:23-cv-01221-PA-SHK<br><br>Assigned to Hon. Judge Percy Anderson<br><br>**JOINT NOTICE OF SETTLEMENT AND STIPULATION TO STAY ACTION PENDING SETTLEMENT APPROVAL IN SUPERIOR COURT**<br><br>Complaint Filed:  March 2, 2023<br>Removal Date:    June 23, 2023<br><br>Class Cert Filing Date: 12/29/23<br>Discovery Cut-off Date: 5/6/24<br>Pre-Trial Conference Date: 6/21/24<br>Jury Trial Date: 7/16/24 |

Plaintiff Ruben Hernandez ("Plaintiff"), on the one hand, and Defendants Neovia Logistics Services, LLC and Neovia Logistics Distribution, LP ("Defendants"), on the other, (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on March 2, 2023, Plaintiff filed a class action complaint in the Superior Court of California, for the County of San Bernardino, Case No. CIVSB2305867 (the "Class Action"), alleging wage and hour violations under California law;

WHEREAS, Defendants removed the Class Action to the United States District Court, Central District of California, Case No. 5:23-cv-01221-PA-SHK, on June 23, 2023, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 ("CAFA");

WHEREAS, on May 16, 2023, Plaintiff filed a representative action complaint in the Superior Court for the County of San Bernardino, Case No. CIVSB2311135 (the "PAGA Action"), alleging a single cause of action for violations of the Private Attorneys General Act ("PAGA"), Labor Code § 2698 *et seq.*, based on the same underlying allegations which has not been removed to Federal Court;

WHEREAS, on November 27, 2023, the Parties attended a private mediation of all class and PAGA claims, and although the matter was not resolved at mediation, the Parties continued to engage in settlement negotiations through the mediator and on December 7, 2023 the Parties agreed to a settlement to resolve all claims alleged in the Class Action and PAGA Action;

WHEREAS, after additional negotiations, the Parties executed a binding Memorandum of Understanding on December 22, 2023, and the Parties are now in the process of preparing a long-form settlement agreement;

WHEREAS, the agreed-upon settlement amount is less than $5 million, and therefore the Parties contend that the jurisdictional minimum required for subject matter jurisdiction under the CAFA is not met, and it would be proper for the Superior Court of California, for the County of San Bernardino, to rule on the propriety of settlement

JOINT NOTICE OF SETTLEMENT AND STIPULATION TO STAY ACTION PENDING
SETTLEMENT APPROVAL IN SUPERIOR COURT

approval. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added);

WHEREAS, the Parties dispute whether Plaintiff's PAGA-only Action can be removed to federal court, and Plaintiff further submits that the Superior Court of California, for the County of San Bernardino, is the proper jurisdiction to rule on the propriety of a PAGA settlement. *See* California Labor Code § 2699(*l*)(2) ("The *superior court* shall review and approve any settlement of any [PAGA] action.") (emphasis added);

WHEREAS, in order to facilitate the Parties seeking settlement approval in light of the amount of the settlement not exceeding $5 million and the presence of a PAGA claim included in the settlement, the Parties intend to seek settlement approval in the Superior Court, and agree to stay this alleged Class Action pending the completion of the settlement approval process in Superior Court;

WHEREAS, Defendants contend that if settlement approval is not granted for any reason, Defendants retain the right to proceed with the litigation in district court pursuant to CAFA;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT this Action be stayed for all purposes pending the settlement approval process in the Superior Court of California, for the County of San Bernardino. The Parties will notify this Court within five (5) court days following the granting or denial of settlement approval in the Superior Court.

**SO STIPULATED.**

Dated: December 27, 2023                    **HAINES LAW GROUP, APC**

                                    By:

                                            */s/ Fletcher W. Schmidt*
                                            Fletcher W. Schmidt
                                            Attorneys for Plaintiff Ruben Hernandez

Dated: December 27, 2023

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.**

By:

*/s/ Keenan P. O'Connor*

Tracie Childs
Keenan P. O'Connor
Attorneys for Defendants
Neovia Logistics Services, LLC
Neovia Logistics Distribution, LP

### Attestation of Signatures

I, Fletcher W. Schmidt, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 27, 2023

**HAINES LAW GROUP, APC**

By:

*/s/ Fletcher W. Schmidt*

Fletcher W. Schmidt
Attorneys for Plaintiff

JOINT NOTICE OF SETTLEMENT AND STIPULATION TO STAY ACTION PENDING SETTLEMENT APPROVAL IN SUPERIOR COURT